626 S.E.2d 333

**In the Matter of Peter L. MURPHY, Respondent.**

**No. 26112.**

Supreme Court of South Carolina.

Submitted Jan. 4, 2006.

Decided Feb. 6, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

William P. Simpson, of Nelson, Mullins, Riley & Scarborough, LLP, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an indefinite suspension or disbarment pursuant to Rule 7(b), RLDE, Rule 413, SCACR. The facts, as set forth in the agreement, are as follows.

## FACTS

Beginning in 2004, respondent began transferring funds from his trust account to his operating account. These funds were being held in respondent's trust account for a client who was awaiting final disposition of a workers' compensation and a personal injury claim. Respondent transferred a total of $65,000 and used these funds for his own personal use.

Respondent self-reported his misappropriation to ODC. Two weeks prior to the self-report, respondent had been authorized to release the funds to his client. Respondent represents he has made arrangements to reimburse the client, with interest, in the very near future.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall hold property of clients in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(c) (it is professional misconduct for lawyer to engage in conduct involving moral turpitude); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

340

Respondent further admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice, bring courts or legal profession into disrepute, or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and disbar respondent. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

In addition, within thirty (30) days of the date of this opinion, ODC and respondent shall file a restitution plan with the Court. In the plan, respondent shall agree to pay restitution to the client who incurred losses as a result of his misconduct in connection with this matter.

**DISBARRED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, J.J., concur.

WALLER, J., not participating.